**E. I. duPONT de NEMOURS AND COMPANY, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 73–1655.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 6, 1973.

Decided July 26, 1974.

---

**136**

Francis V. Lowden, Jr., Richmond, Va. (Thomas J. Manley and Hunton, Williams, Gay & Gibson, Richmond, Va., on brief), for petitioner.

Jay E. Shanklin, Atty. (Peter G. Nash, Gen. Counsel, John S. Irving, Deputy Gen. Counsel, Patrick Hardin, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., on brief), for respondent.

Before CRAVEN, RUSSELL * and FIELD, Circuit Judges.

PER CURIAM:

An order of the National Labor Relations Board is here attacked by the petitioner, DuPont, as unjustified; at the same time its enforcement is sought by the Board.

This case is a sequel to E. I. DuPont De Nemours and Company v. N. L. R. B., 480 F.2d 1245 (4 Cir. 1973), involving a companion but unadjudicated issue which is now the question before the court. Specifically, it is the right of the employer to insist upon the inclusion in the collective bargaining agreement of a provision eliminating the control mechanics from the "roll-back" privileges described in the opinion. Condensed, rollback was a practice in the company's graduated employment system whereby if an employee failed in the training course for job-progression, he was nevertheless retained but was demoted to the lowest grade. The factual frame is the same in both cases and, to avoid repetition, the statement of them in the earlier opinion is now adopted by reference.

The core of the present discord is the NLRB's finding [1] that in this insistence the employer, DuPont, was guilty of (a) refusing to bargain with the union representing the unit of control mechanics,[2] and (b) interfering with or coercing them and other employees in the exercise of their entitlement to choose collective bargaining representation. These findings respectively established a breach of NLRA § 8(a)(5) and (1), 29 U.S.C. § 158(a)(5) and (1).

The eliminating provision is denounced by the Board as per se discriminatory, in that its effect would be to deny to the represented unit the benefits of the rollback while the company's other employees enjoy them. Indeed, the members of this unit likewise did so until unionized. NLRB v. National Maritime Union, 175 F.2d 686, 688–689 (2 Cir. 1949), cert. denied 338 U.S. 954, 70 S.Ct. 492, 94 L.Ed. 1348. Also, the Board holds that, because of this deprivation, the elimination would discourage the choosing of representation by a union.

These conclusions are sinewed by the attribution to the company of antiunion disposition. For evidence thereof the Board points to a pre-election address by the plant manager threatening the retraction of rollback privileges if the union won. It was evinced, too, by the impermissible discharge rather than a rollback of a control mechanic during the contract negotiations. These incidents are related in the able opinion of the prior case between the Board and the company.

---

* Judge Russell disqualified himself after argument and Judge Bryan substituted in his place.

1. 203 NLRB No. 95 (May 11, 1973).

2. Local 382, International Brotherhood of Electrical Workers, AFL–CIO (IBEW).

Despite the strength of the dissent, it cannot be said here that on the record as a whole there is not substantial evidential support for these findings and conclusions. Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L. Ed. 456 (1951).

Confessedly, the Board is "without power to compel a company or a union to agree to any substantive contractual provision of a collective-bargaining agreement". Porter Co. v. NLRB, 397 U.S. 99, 102, 90 S.Ct. 821, 823, 25 L.Ed.2d 146 (1970). Nonetheless each can be required to negotiate in good faith on a bargainable subject, such as the seniority right of rollback. Id. at 102, 90 S.Ct. 821; NLRA §§ 8(a)(5) and (d), 29 U. S.C. § 158(a)(5) and (d); *DuPont*, supra, 480 F.2d at 1249. However, the elimination provision, as we have seen, was warrantably appraised as discriminatory in itself and for that reason insistence upon it was not the good faith bargaining which under *Porter* the Board may demand.

The Board ordered the company to cease and desist from refusing to bargain with the union in good faith, that is, without insistence upon the contract's elimination of rollback rights. For the reasons stated by the Board the court upholds its position.

Order enforced.

FIELD, Circuit Judge (dissenting):

On the former appeal involving this controversy we sustained the finding of the Board that the company had been guilty of an unfair labor practice in discharging a control mechanic "without first negotiating concerning the roll back rights of the other employees in the bargaining unit * * *."[1] In the course of that opinion we stated

"It should be noted that the Administrative Law Judge and the Board have alternately taken and retreated from the position that the control mechanics' roll back rights were not a bargainable issue and could not be discontinued, under any circumstances, by the company.

We disagree with this position. The roll back rights were a type of seniority and, as such, were a proper and usual subject of collective bargaining."[2]

To me the order of the Board presently before us directing the company to refrain from "adamantly insisting upon the inclusion in any collective bargaining agreement of a seniority clause" with respect to the roll back rights flies in the teeth of our former opinion and is utterly irreconcilable with it. Additionally, the Board's decision is at variance with the principle enunciated in Porter Co. v. N. L. R. B., 397 U.S. 99, 90 S.Ct. 821, 25 L.Ed.2d 146 (1970), since in effect it compels the company to agree upon a bargainable issue upon which the parties themselves were unable to reach an accord. Finally, the decision of the Board is contrary to the explicit direction of Congress as reflected in Section 8(d) of the Act,[3] that the mutual obligation of the employer and the union to bargain collectively "does not compel either party to agree to a proposal or require the making of a concession." For these reasons, I would deny enforcement of the order.

---

1. E. I. DuPont de Nemours and Company v. N. L. R. B., 480 F.2d 1245, 1249 (4 Cir. 1973).

2. *Id.* at 1249.

3. 29 U.S.C. § 158(d).